**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

_____

  At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand and thirteen.

Before:  Denny Chin,
     Raymond J. Lohier, Jr.,
      *Circuit Judges*,
     Laura Taylor Swain,[*]
      *District Judge*.

_____

Dwayne Stone,

 Petitioner,

                **ORDER**
    v.            Docket No. 13-1486

United States of America,

 Respondent.

_____

Petitioner, through counsel, has filed a motion for reconsideration of this Court's order dated May 13, 2013 denying his request for an order authorizing the United States District Court for the Eastern District of New York to consider a successive 28 U.S.C. § 2255 motion.  Upon due consideration, it is hereby ORDERED that the motion for reconsideration is DENIED, as such motions are barred pursuant to 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.").

However, because this Court has determined *sua sponte* to reopen this proceeding, it is hereby ORDERED that the Court's order of May 13, 2013 is VACATED, and Petitioner's motion seeking authorization to file a successive § 2255 motion is GRANTED to allow him to file a § 2255 motion raising his proposed claim based on *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *See Triestman v. United States*, 124 F.3d 361, 367 (2d Cir. 1997) ("under the AEDPA, a court of appeals retains the authority to order a rehearing *sua sponte*").  Since this Court has only determined that Petitioner has made a prima facie showing that he has satisfied the successive

---

  [*]Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

petition requirements, see 28 U.S.C. § 2244(b)(3)(C), the district court is directed to address whether the United States Supreme Court's decision in *Miller* announced a new rule of law made retroactive to cases on collateral review.  See *Quezada v. Smith*, 624 F.3d 514, 521-22 (2d Cir. 2010); *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) ("the prima facie standard [applies to] our consideration of successive habeas applications under § 2255 and . . . the same standard applies to both state and federal successive habeas applications").

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit