# ANTHONY L. RICCO
*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919  FAX. (212) 791-3940

Steven Z. Legon
Of Counsel

March 20, 2014

**BY FACSIMILE AND ECF**

Hon. I. Leo Glasser
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

      Re:    *Dwayne Stone v. United States of America*
             Docket. No. *11-CV-2763 (ILG)* and  05 Cr. 401 (ILG)

Dear Judge Glasser:

By order of this court dated July 26, 2013, petitioner Dwayne Stone's writ of habeas corpus was granted vacating the life sentence previously imposed under Docket No. 05 Cr. 410 (ILG).  Pursuant to that order re-sentencing of the petitioner scheduled for March 31, 2014 at 11:00 a.m.   This letter is submitted on consent of both parties to request a Final continuance of the re-sentencing to presently scheduled for March 31, 2014 for the reasons set forth below.

## I. Reasons For Request for a Final Continuance

There are various factual matters under 18 U.S.C. §3553(a) related to the Dwayne Stone's background and history, along with the circumstances of the offense of conviction, which counsel needs to evaluate, investigate and review with the petitioner in preparation for this important re-sentencing.  The ordered re-sentencing presents the petitioner with an unique opportunity to persuade the court that a sentence of less than mandatory life is sufficient but not greater than necessary to reach the sentencing goals of Congress in his case.

Towards that end, the petitioner is deserving of an opportunity to fully discuss the issues surrounding his background, history and the circumstances of the offense with a view towards persuading the court that the imposition of a sentence other than life warranted.

## Updated PSR Warranted In View of *Milller v. Alabama* Resentencing

At our prior in court conference of this matter, it was the expectation of all involved, the government, defense counsel and court, that the petitioner would be produced by *writ* into the district for the purpose of preparing for re-sentencing and so that an updated Presentence Investigation Report could be prepared. The purpose of the updated report is to provide the U.S. Probation Office with an opportunity to consider and focus upon issues related to the potential for rehabilitation as discussed in the Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

Both the government and defense recognize that the Second Circuit has held that Rule 32 (f) of the Federal Rules of Criminal Procedure does not mandate an updated PSR in all instances where a defendant is re-sentenced. See, *United States v. Triestman*, 178 F.3d 624, 633 (2d Cir. 1999) (quoting *United States v. Conhaim*, 160 F.3d 893, 896 (2d Cir. 1998). However, in the discretion of the court a PSR can be ordered and in the case of a *Miller* re-sentencing both the government and defense believe that an amended PSR is warranted. To date, and contrary to our shared expectations, the petitioner, has yet been interviewed for an updated PSR. It is requested that, in relation to the request for a final continuance, the court order an updated PSR.

As a result of the foregoing, both the petitioner's counsel and the government request that the court grant a final continuance of the sentencing to permit an updated PSR and the submissions of sentencing recommendations.

## II. Proposed Order

The parties also propose the following briefing schedule: (1) The updated PSR to take place as soon a possible by the Office of Probation; (2) Defense submission by April 30, 2014, government response by May 15, 2014; (3) reply, if any, by May 20, 2014; and.(4) sentencing to take place on Friday, May 30, 2014. The government consents to this application.

Thank you very much for your consideration of this application.

Respectfully,

*Anthony L. Ricco*
Anthony L. Ricco

ALR/jh
cc: A.U.S.A. Jason Jones (By E-mail)

2